UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| *BILL LIETZKE,* | ) | |
| | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *No. 2:17-cv-00325-JDL* |
| | ) | |
| *CITY OF MONTGOMERY, et al.,* | ) | |
| | ) | |
|     *Defendants* | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| *BILL LIETZKE,* | ) | |
| | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *No. 2:17-cv-00326-JDL* |
| | ) | |
| *CITY OF MONTGOMERY, et al.,* | ) | |
| | ) | |
|     *Defendants* | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| *BILL LIETZKE,* | ) | |
| | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *No. 2:17-cv-00327-JDL* |
| | ) | |
| *CITY OF MONTGOMERY, et al.,* | ) | |
| | ) | |
|     *Defendants* | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| *BILL LIETZKE,* | ) | |
| | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *No. 2:17-cv-00329-JDL* |
| | ) | |
| *COUNTY OF MONTGOMERY, et al.,* | ) | |
| | ) | |
|     *Defendants* | ) | |

## ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND RECOMMENDED TRANSFER OF ACTIONS

The plaintiff has filed four separate suits against either the City or the County of Montgomery, Alabama and various individuals. *See* [Complaint] (ECF No. 1), No. 2:17-cv-00325-JDL ("*Montgomery I*"); [Complaint] (ECF No. 1), No. 2:17-cv-00326-JDL ("*Montgomery II*"); [Complaint] (ECF No. 1), No. 2:17-cv-00327-JDL ("*Montgomery III*"); [Complaint] (ECF No. 1), No. 2:17-cv-00329-JDL ("*Montgomery IV*"). I grant his requests in each case for leave to proceed *in forma pauperis*, but because venue does not properly lie in this District, I recommend that the court transfer all four cases to the United States District Court for the Middle District of Alabama.

### I. Application To Proceed *in Forma Pauperis*

*In forma pauperis* status is available under 28 U.S.C. § 1915(a)(1). In three of his applications to proceed without prepaying fees or costs, the plaintiff reports total monthly income of $753.00, consisting of $216.00 in Supplemental Security Income payments and $537.00 in Social Security payments. *See* ECF No. 3, *Montgomery I*; ECF No. 2, *Montgomery II*; ECF No. 3, *Montgomery IV*. In his remaining application, he reports total monthly income of $737.00, consisting of $200.00 in Supplemental Security Income payments and $537.00 in Social Security payments. *See* ECF No. 2, *Montgomery III*. In all four applications, he reports monthly expenses totaling between $500.00 and $600.00, including $300.00 for rent and $200.00 for groceries, indicates that he has $100 in cash or in a checking or savings account and no other assets of value, and lists no dependents. *See* ECF No. 3, *Montgomery I*; ECF No. 2, *Montgomery II*; ECF No. 2, *Montgomery III*; ECF No. 3, *Montgomery IV*. These financial circumstances entitle him to proceed *in forma pauperis* and, accordingly, I grant his petitions to proceed *in forma pauperis* in all four cases.

## II. Section 1915(e)(2)(B) Review

### A. Applicable Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding *in forma pauperis*, however, "the court shall dismiss the case at any time if the court determines[,]" *inter alia*, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. United States Dist. Court S.D. Iowa*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").[1]

When considering whether a complaint states a claim for which relief may be granted, a court must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that

---

[1] Section 1915(d) was subsequently renumbered to section 1915(e).

3

pro se plaintiffs are not required to plead basic facts sufficient to state a claim[,]" *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner in which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As noted, the statute that provides for waiver of the filing fee also requires the court to determine whether the plaintiff's case may proceed. In other words, the plaintiff's complaint must be dismissed if the court finds it to be frivolous or malicious, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). In this regard, a *pro se* plaintiff's complaint must be read liberally. *Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002).

### B. Factual Background

The plaintiff, who lists a Montgomery, Alabama, address, alleges that he was subjected to a series of unlawful detentions in that city by City of Montgomery police officers or County of Montgomery sheriffs from August 2, 1999, through November 25, 2016. *See* Complaint, *Montgomery I* (detention by two Montgomery police officers on Madison Avenue in Montgomery on or about November 25, 2016); Complaint, *Montgomery II* (detention by Montgomery police officers at South Lawrence and Monroe streets in Montgomery on or about November 9, 2016); Complaint, *Montgomery III* (detentions by Montgomery police officers at various locations in Montgomery, including Interstate 85, on or about October 27, 2015, July 27, 2015, June 19, 2015, and March 4, 2015); Complaint, *Montgomery IV* (detentions and abductions by Montgomery County sheriff's officers at various locations in Montgomery on or about August 2, 1999, August 9, 1999, August 11, 1999, December 19, 2002, and December 23, 2002).

Regardless of whether the allegations of the four complaints state viable claims – a matter on which I express no opinion – they reveal no jurisdictional nexus between any party to this suit and Maine. The plaintiff, who lives in Montgomery, Alabama, sues the City and the County of Montgomery, Alabama, and individuals who apparently reside there, for conduct that occurred there. Pursuant to 28 U.S.C. § 1391, which "govern[s] the venue of all civil actions brought in district courts of the United States[,]" 28 U.S.C. § 1391(a)(1), a civil action may be brought in:

    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.* § 1391(b).

No defendant resides in Maine, and no act of which the plaintiff complains transpired here. Hence, these actions may not be brought here unless there is no other judicial district in which it may be brought, and one or more defendants is subject to this court's jurisdiction with respect to those actions. That is not the case. Plainly, venue lies in the United States District Court for the Middle District of Alabama, which encompasses Montgomery, Alabama.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner,* 997 F.2d 1023, 1026 (2d Cir. 1993).

5

I take judicial notice that at least three United States District Courts, for the Districts of Nevada, New Mexico, and the Western District of Washington, have transferred identical or similar suits filed by the plaintiff in their districts to the United States District Court for the Middle District of Alabama on the basis of improper venue. *See* ECF No. 3, *Lietzke v. City of Montgomery, et al.*, No. 2:16-cv-00949-WKW-TFM (M.D. Ala. Dec. 8, 2016); ECF No. 4, *Lietzke v. City of Montgomery, et al.*, No. 2:16-cv-00950-WKW-TFM (M.D. Ala. Nov. 29, 2016); ECF No. 2, *Lietzke v. County of Montgomery*, *et al.*, No. 2:-cv-00814-MHT-WC (M.D. Ala. Sept. 11, 2007). I recommend that this court do the same.

### III. Conclusion

For the foregoing reasons, I **GRANT** the plaintiff's application to proceed *in forma pauperis* in the four above-captioned cases and recommend that the court **TRANSFER** all four cases to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. §§ 1391(b) and 1406(a).

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de</u> <u>novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 31st day of August, 2017.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge